IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SHELDON GOOD & COMPANY, COLORADO, LLC,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) CIVIL ACTION 08-0692-WS-B ) |
| **SAN CARLOS CONDOMINIUM DEVELOPMENT, LLC, etc., et al.,** | ) ) ) |
| **Defendants.** | ) |

**ORDER**

This action was recently removed by defendant San Carlos Condominium Company, LLC ("Condominium").[1] The grounds stated are diversity of citizenship. Although the plaintiffs have not filed a motion to remand, federal courts are of limited jurisdiction, and this Court has an independent and continuing obligation to confirm its subject matter jurisdiction, even when the parties do not question its existence. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 409, 411 (11th Cir. 1999); *accord Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

The plaintiff, Condominium, and co-defendant San Carlos Condominium Development, LLC ("Development") are all limited liability companies. For purposes of assessing diversity of citizenship, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Because Condominium did not adequately address the citizenship of the parties under this test, the Court provided it another opportunity to do so. (Doc. 4).

---

[1] Condominium states that its name was recently changed to Canyon-Gulf Shores Condominium Company, LLC. (Doc. 6 at 1 n.1).

Condominium has not addressed the membership of the plaintiff, asserting only that it is a Colorado limited liability company with its principal place of business in Colorado. (Doc. 6, ¶ 1.a). This is the measure of citizenship of a corporation, not of a limited liability company. Likewise, Condominium has not addressed the citizenship of Development, asserting only that it is an Alabama limited liability company with its principal place of business in Alabama. (*Id*., ¶ 1.c).

As to itself, Condominium traces its lineage through several limited liability companies, each of which has as its sole member another limited liability company. The trail ends with two limited liability companies that are both members of Condominium's grandparent. As to them, Condominium states only that their members "are family trusts or family limited partnerships controlled by individuals residing in the State of California." (Doc. 6, ¶ 1.b.iii).

"To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability compan[ies] and all the partners of the limited partnership." *Rolling Greens*, 374 F.3d at 1022. Condominium failed to attempt this with respect to the plaintiff and Development, and its effort with respect to itself falls short, both because it addresses only the individuals "controlling" the entities rather than all members or partners, and because it addresses only their "residence," not their citizenship.[2]

"[T]he removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 n.4 (11th Cir. 1998). Without listing the citizenship of every member and every partner of every party, Condominium has failed to meet its burden. *Rolling Greens*, 374 F.3d at 1022.

For the reasons set forth above, this case is **remanded** to the Circuit Court of Baldwin County.

---

[2]"Citizenship, not residence, is the key fact that must be alleged ... to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

DONE and ORDERED this 29th day of December, 2008.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE